IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ERON BUCCIARELLI-TIEGER, an )
individual; CASEY CALVERT, an )
individual; MICAH CARLL, an )
individual; MATT RIDENOUR, an )
individual; JT WOODRUFF, an )
individual, collectively professionally )
known as "Hawthorne Heights"; and )
HAWTHORNE HEIGHTS, LLC, an )
Ohio limited liability company, )
)
    Plaintiffs, )
)
  vs. )  No. 06 C 4258
)
VICTORY RECORDS, INC., an )
Illinois corporation; ANOTHER )
VICTORY, INC., an Illinois corporation, )
ANTHONY K. "TONY" BRUMMEL, )
an individual; and DOES 1 through 25, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

The parties have expressed an interest in an early resolution of pending motions to dismiss and to bifurcate, and for expedited discovery with respect to Count IX, and this court noted that I would be away during January and was uncertain about being able to rule before departure. And I do not rule, at least not on all pending matters, but I have reviewed the briefs and Judge Shadur's rulings, and I can provide some guidance.

I agree with Judge Shadur. The contract is not terminable at-will, and plaintiffs do have an obligation to deliver the four records unless their performance is excused by the conduct of the defendant in material breach of contract. The economic realities are that the

obligation is seriously weakened if plaintiffs can peddle the same record to others,[1] or can inhibit defendants' marketing of the records. That means that plaintiffs' burden of persuasion is considerable, although we are not sure, at this juncture, that the matter can be resolved on a motion to dismiss.

Other matters can wait, although we agree that Illinois law does not permit a claim for unjust enrichment if the claim refers, as it does here, to an express contract; fraud customarily in Illinois is not interchangeable with a breach of contract claim; and plaintiffs appear to be seeking termination for cause (and if it is not adequately pled at the moment, it certainly can be), not rescission.

Plaintiffs ask for bifurcation and expedited discovery in Count IX. That motion is, for now, denied. It is not at all clear that the claim there can be neatly separated from the other claims. Plaintiffs may choose to focus their early discovery on that claim, but that is a matter of choice. We can revisit the matter at a status hearing on February 8, 2007, at 9:15 a.m.

JAMES B. MORAN
Senior Judge, U. S. District Court

January 10, 2007.

---

[1] We recognize that plaintiffs may be talking about a different recording, which is possibly a different issue.